UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X      12 CV 7284 (CM)

DANIEL SILVA,

                    Plaintiff,                 VERIFIED
                                                   COMPLAINT
     -against-                        AND DEMAND FOR
                                                     A JURY TRIAL

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER WILLIAM CONCANNON,
SHIELD # 22380, AND N.Y.C. POLICE
OFFICER JOSE OCASIO, SHIELD # 22703,
AND POLICE OFFICERS "JOHN DOE (1)-(4)",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                    Defendants.

-------------------------------------------------------X

    1.  This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States for excessive force, deliberate indifference based upon the improper hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, and the state law causes of action for malicious prosecution and abuse of process.

<u>JURISDICTION</u>

    2.  This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

<u>PARTIES</u>

    3.  Plaintiff is a resident of New York City, Bronx County, State of New York.

4.  At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6.  That upon information and belief NYPD was responsible for the training of its officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

<u>FACTS</u>

9.  On or about November 10, 2010, at approximately 1:00 A.M., Plaintiff was walking with a friend in the vicinity of Phelan Place and Sullivan Street, Bronx, New York, when the defendant officers attempted to stop him without legal justification.

10.    When the defendant officers told Plaintiff to stop, plaintiff got scared that he was going to be searched, and that the police would find the small amount of marijuana that he had in his pocket.

11.    Plaintiff ran for a short while, but then decided to give up when the police van pulled behind him in the vicinity of Phelan Place and Billingsly Terrace.

12.    At that point, Plaintiff stopped and put his hands on the hood of a parked car in a gesture of submission.

13.    A defendant police officer, believed to be Police Officer Jose Ocasio, ran up to

2

Plaintiff and hit him in the back for no good reason. Ocasio, a trained boxer, then continued to assault plaintiff and was assisted by other officers.

14.    What followed was an unmitigated beating by four to five police officers, which resulted in Plaintiff's face being bruised, battered, and cut. Plaintiff later required approximately 20 stitches to close a laceration to his face, his nose was broken, and he was knocked unconscious.

15.    To this day, plaintiff still suffers headaches, has difficulty breathing and pther trauma from this vicious and unprovoked assault.

16.    After being treated at St. Barnabas Hospital, plaintiff was formally charged with assault, resisting arrest, possession of marijuana, and harassment.

17.    Plaintiff spent more than 24 hours in custody before he was released by a judge at this arraignment on his own recognizance.

18.    Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19.   Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been  reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

20.   Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

21.  On July 13, 2012, a Notice of Claim was served upon the Defendant New York City, setting forth :

      1.     The name and post office address of the Claimant and his attorney;

      2.     The nature of the claim;

      3.  The time when, the place where, and the manner in which the claim arose;

      4.  The items of damages and injuries sustained so far as practicable.

22.  The Notice of Claim was served upon the Defendants within 90 days after Plaintiffs' several causes of action accrued.

23.  More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

24.  New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

25.  On September 5, 2015, the Plaintiff submitted to an inquiry concerning the justness of his claims as provided by § 50-H of the General Municipal Law.

26.  This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

27.  Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## AS AND FOR A FIRST
## CAUSE OF ACTION FOR INVASION OF PRIVACY
### (42 U.S.C. §1983)

28. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

29.  As a result of their actions, Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in that his seizure

was based upon a violation of his right to privacy.

30.    As a consequence of the unlawful seizure, plaintiff was caused to fear for his freedom. Plaintiff was chased in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31.    As a direct and proximate result of the acts of defendants, plaintiff suffered psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE
### (42 U.S.C. §1983- including failure to intervene)

32.    Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

33.    As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

34.    Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

35.    These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

36.    As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION FOR
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violation)

37.    Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

38.    Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

39. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## FOURTH CAUSE OF ACTION FOR DENIAL OF A FAIR TRIAL
### (42 U.S.C § 1983)

40.    Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

41.        As a result of their actions, Defendants, under "color of law", deprived plaintiff of his right to a fair trial in violation of the Sixth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

42.    Defendants knowingly and unjustifiably fabricated evidence against Plaintiff to cover up their own misconduct, and plaintiff was prosecuted based upon such false evidence.

43.    As a direct and proximate result of these unlawful acts of defendants, plaintiff suffered  psychological injuries, and endured great pain and mental suffering.

6

## FIFTH AND SIXT CAUSES OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION
### (Under New York State Law)

44.   Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

45.   In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer,  maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

46.   As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court.  On or about July 11, 20912, at a bench trial, the Honorable George Villegas found plaintiff not guilty of all charges.

47.   As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid.  All Defendants are liable for said damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.   Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2.   Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.   Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4.   Enter an Order:

7

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.


Dated: New York, New York
       September  24, 2012

**RESPECTFULLY,**

**/s/**


**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

8

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
        September 24 , 2012

                                    _____/s/_____
                                    STEVEN A. HOFFNER, Esq.
                                    (SH-0585)

9